This petition properly presented itself for review by this Court because it states conflict as a ground for certiorari review under Rule 39(a)(1)(D), Ala. R.App. P., asserting a conflict between the decision issued by the Court of Civil Appeals in this case and Kohler Co. v. Miller,921 So.2d 436 (Ala.Civ.App. 2005), which discusses MasterbrandCabinets, Inc. v. Johnson, [Ms. 2030409, June 3, 2005] ___ So.2d ___ (Ala.Civ.App. 2005), which in turn discusses factually analogous case authority. Conflict between the petitioner's case and another decided case is adequately stated when a petitioner points out that the two cases reach different results upon the application of the same principles of law to situations where there is no significant factual distinction. I believe that the petitioner has met that burden here. The Court's rigorous application of the particularity and specificity requirements of Rule 39(a)(1)(D)(2) to the petition in this case prevents our review, on a hypertechnical basis, of an issue that may well prove to be meritorious. I believe that this decision to avoid further review in this case flies in the face of the governing principle of the appellate rules as expressed in Rule 1, Ala. R.App. P.:
 "These rules shall not be construed to extend or limit the jurisdiction of these appellate courts as established by constitution or law. They shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits."
Accordingly, I dissent from the denial of this petition. *Page 729